UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 07 3901

------------------------------x  CIV-07-

U2 HOME ENTERTAINMENT, INC.,

       Plaintiff,

vs.

"JOHN DOES" I THROUGH V DOING BUSINESS
AS "ROOSEVELT AUDIO"

       Defendants.

VITALIANO, J.

MATSUMOTO, M.J.

------------------------------x

## ORDER OF SEIZURE AND ORDER TO SHOW CAUSE

This matter having come before the Court on the *ex parte* application of plaintiff for an Order of Seizure pursuant to 17 U.S.C. § 503, Rule 65(f) the Federal Rules of Civil Procedure, and 15 U.S.C. § 1116(d),

AND, the Court having read the Complaint; the affirmation of Harvey Shapiro (Exhibit "A"); the affidavits of Judy Yang (Exhibit "B") and Lynda Hung (Exhibit "C"); and the memorandum of law submitted in support of this application;

AND, good cause appearing, the Court having found that the supporting affirmation and affidavits show it is impractical to give defendants notice as defendants would have an opportunity to dispose of, transport or otherwise secrete the infringing copies, materials' equipment and records if given such notice, it is;

1

ORDERED, that plaintiff U2 Home Entertainment, Inc. is authorized under the supervision and with the assistance of the United States Marshal on or before October 3, 2007 to take all necessary steps to secure and remove:

a) any and all unauthorized videocassettes, laser discs, video compact discs ("VCD"), digital versatile discs ("DVD"), (VCDs and DVDs may hereinafter be referred to as "videodiscs") and packaging of the motion pictures of which plaintiff holds exclusive distribution rights under copyright including but not limited to those set forth in Exhibit A to the Complaint (a copy of Exhibit A is attached to this Order and the motion pictures listed therein are referred to collectively as "Plaintiff's Motion Pictures"); which, upon visual examination, do not bear the distinguishing characteristics of plaintiff's authorized videocassettes and videodiscs including:

(1) professional packaging and labeling containing the distinctive art work and trademarks of the distributing company, such as the trademark "TAI SENG ENTERTAINMENT" or "TAI SENG VIDEO MARKETING" or the trademark design for Television Broadcast Limited (Hong Kong); or Plaintiff's trade names CENTURY HOME ENTERTAINMENT, NEW IMAGE AUDIO & VIDEO, TAI SENG ENTERTAINMENT or TAI SENG VIDEO MARKETING;

(2) FBI "warning" stickers on the face and side of each copy;

or have the following distinguishing characteristics of unauthorized copies of the Plaintiff's Motion Pictures including:

(3) videodiscs using simplified Chinese writing;

(4) videodiscs that are plain silver or plain white discs;

(5) videodiscs that do not have professional printing on the face of the disc or on the packaging;

(6) videodiscs bearing warning notices, such as "For Sale in the People's Republic of China only", or "Distribution outside People's Republic of China prohibited"; and

b) any and all means for making the same including, without limitation, masters and machines, computers, devices or equipment wired to facilitate the making of or to assist in the making of infringing copies or packaging therefore; seizing said articles as may be found in the possession or control of defendants or its agents or employees at the place of business known as "Roosevelt Audio" located at 135-08 Roosevelt Avenue, Flushing, New York 11354; and it is further

c) pursuant to 15 U.S.C. § 1116(d)(1)(A), any records reflecting the identity of "John Does" I through V; and seizing said articles as may be found in the possession or control of defendants or its agents or employees at the place of business

3

known as "Roosevelt Video" located at 135-08 Roosevelt Avenue, Flushing, New York 11354; and it is further

ORDERED, that trained representatives of plaintiff, on behalf of whom the Order is being issued, shall accompany and assist the United States Marshal in the execution of the Order of Seizure to inspect and test videocassettes and videodiscs that may be subject to impoundment and take all necessary steps to secure and remove any and all infringing copies, packaging and equipment and other items as described above; and it is further.

ORDERED, that when executing the seizure, the United States Marshal shall serve a copy of this Order, the several documents upon which the Order is based as recited herein, and the Summons and Complaint, by leaving them at the place of business of defendants or at the place where such articles are found, or with any agent, employee, or officer of defendants, or with any person of suitable age and discretion; and that the United States Marshal make immediate return of service, and of such seizure or attempted seizure to this Court; and it is further

ORDERED, that the United States Marshal may use such force as may be reasonably necessary to gain access to the premises and anyone interfering with the execution of this Court Order is subject to arrest by the United States Marshal and/or his or her

4

representative; and it is further

ORDERED, that the United States Marshal deliver all articles seized to Sargoy, Stein, Rosen & Shapiro, counsel for plaintiff, who shall retain and shall act as substitute custodian of any and all property seized pursuant to the order and shall hold harmless the United States Marshals Service and its employees from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the defendants' property, including any third-party claims; and it is further

ORDERED, that U2 Home Entertainment, Inc., on whose behalf the Court issues this Order, will account completely for all property seized pursuant to this Order and shall compile a written inventory of all such property and shall provide a copy to the United States Marshal, who shall include such a copy with his return to the court; and is further

ORDERED, that any documents seized from defendants shall be photocopied by plaintiff's counsel and the original documents be returned to defendants within two (2) business days of the impoundment; and it is further

ORDERED, that defendants show cause before this Court located at 225 Cadman Plaza, Brooklyn, New York 11201 on October 10, 2007 at 10:30 o'clock A .M. in ~~Room~~ ____, or as

5

soon thereafter as counsel can be heard, why this Order of Seizure, which directed the United States Marshal to seize and impound, and counsel for plaintiff to maintain in a secure place, all unauthorized videocassettes, and videodiscs of Plaintiff's Motion Pictures, unauthorized packaging therefore and all devices for manufacturing infringing copies of motion pictures was improperly issued; and it is further

ORDERED, that if defendants fail to appear at the above hearing without prior consent of the Court, defendants waive their right to contest the propriety of the issuance of this Order, the execution thereof, or the adequacy and sufficiency of the bond filed in connection with this Order; and it is further

ORDERED, that the bond submitted on behalf of plaintiff in the amount of $50,000 ~~$10,000~~ shall be deemed adequate security for the payment of such costs and damages which may be incurred by defendants if the relief herein is found to have been improvidently granted; and it is further

ORDERED, that service of a copy of this Order, together with the underlying papers upon which it was granted and the Summons and Complaint, shall be deemed good and sufficient service if made upon defendants by delivering a copy of same to an agent or employee of defendants of suitable age and discretion at their place of business; and it is further

6

ORDERED, that the plaintiff is given leave to amend the Complaint ~~to name additional parties as defendants~~, to correct misnomers and to identify other copyrighted works alleged to have been infringed; and it is further

ORDERED that defendants' written opposition to this Order to Show Cause, if any, be served upon plaintiff's counsel for receipt three (3) days prior to the return date set forth above; and that plaintiff's reply, if any, be served for receipt one (1) day prior to the return date; and it is further

ORDERED, that the file in this action be sealed pending further order of this Court or notification to the Clerk that the Order of Seizure has been executed; and it is further

ORDERED, that the Clerk of this Court may have access to the sealed file to implement or insure compliance with the orders issued in this case.

Dated: September 18, 2007

s/Eric N. Vitaliano
United States District Judge

7